IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

In RE:

**CANTRELL DRUG COMPANY, INC.**

Debtor.

Case No. 4:17-bk-16012
(Chapter 11)

**RESPONSE TO DEBTOR'S
MOTION TO EXTEND USE OF CASH COLLATERAL**

COMES NOW, Regions Bank ("Regions"), the holder of security interests and liens against property of the bankruptcy estate of Cantrell Drug Company, Inc. ("Debtor"), and for its Response to Debtor's Motion to Extend Use of Cash Collateral [Doc. 129] requests the Court to deny the Motion or, in the alternative, provide adequate protection to Regions' interests and in support thereof, Regions would show the Court, as grounds therefore, the following:

1. The Debtor filed its Petition for Relief under Chapter 11 of Title 11, United States Code, on November 7, 2017. On November 9, 2017, the Court entered its Order Granting Interim Authority to Use Cash Collateral and Providing Adequate Protection [Doc. 35] (the "Cash Collateral Order'). The Cash Collateral Order was extended pursuant to that Order Extending Order Granting Interim Authority to Use Cash Collateral and Providing Adequate Protection entered on January 26, 2018. [Doc. 81] (the "Extension"). The Court has jurisdiction under 28 U.S.C. § 1334. This Motion involves procedures that are core matters within the meaning of 28 U.S.C. § 157. Venue is properly laid in this District.

2. As found in the Cash Collateral Order and the Extension, Regions is a secured creditor of the Debtor with respect to seven (7) loans more particularly described in paragraph 5 of the Cash Collateral Order which is incorporated herein.

1

3. As adequate protection for the Debtor's previous use of Cash Collateral, Pharmasite, LLC, an entity owned by the principals of Debtor, agreed to guaranty the Regions' debt and grant a second mortgage on property owned by Pharmasite. In addition, Regions was granted first priority replacement liens and security interests in accordance with 11 U.S.C. §§ 361(2) and 552(b) in and to all property of the estate of the type presently securing Regions' loans including all property purchased or acquired with cash collateral as well as accounts receivables generated by the continued operation of the Debtor's business subject to any liens granted to a DIP lender. Regions was additionally granted an administrative priority claim pursuant to 11 U.S.C. § 507(b) to secure any diminution in value in Regions' pre-petition collateral.

4. On December 8, 2017, the Court entered an Interim Order Authorizing the Debtor to (I) Sell Certain Accounts Receivables on an Interim and Final Basis Pursuant to 11 U.S.C. § 363(b) and (f); (II) Grant Security Interests and Claims Pursuant to 11 U.S.C. § 364(c) and (d); and (III) Use Regions Bank's Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) (the "DIP Financing Order") [Doc. 64].

5. As a result of the security agreements securing the loans from Regions to the Debtor, Regions has a first and prior interest in the personal property of the Debtor and the proceeds thereof as well as those proceeds that are traceable to the possession of others, including cash collateral as defined in 11 U.S.C. § 363(a) and proceeds as set out in 11 U.S.C. § 552(b) subject only to the rights subordinated to in the DIP Financing Order.

6. Under the DIP Financing Order, the Debtor was given the right to incur certain financing with the DIP lender secured by liens on certain post-petition collateral including a superior lien to Regions on post-petition accounts receivables and finished goods inventory held

for sale to third parties in the ordinary course of business (including returned goods and excluding supplies, raw materials, work in process, or materials used or consumed in business) while the amounts due the DIP Financing lender remained unpaid.

7. Regions does not consent, and has not consented, to any continued use by the Debtor of its cash collateral but Regions and the Debtor have tentatively agreed to allow Debtor's continued use of cash collateral provided the following terms are incorporated into the terms of the Second Order Extending Order Granting Interim Authority to Use Cash Collateral:

    a. The terms of the Cash Collateral Order and the Extension would be incorporated by reference.

    b. Subject to the terms and conditions set forth in the Cash Collateral Order as modified by the Extension and the second extension, the term of the Cash Collateral Order would be extended until the earlier of: (a) the failure of the Debtor to obtain authority from the Food and Drug Administration to produce and ship products by July 15, 2018; (b) any failure to comply with the terms of the Cash Collateral Order as modified by the Extension and the second extension; or (c) July 31, 2018, unless extended by agreement of Regions and the Debtor or by order of this Court.

    c. The terms and provisions of the Cash Collateral Order would remain in effect with the exception of the following:

        i. The Budget as contemplated in the Cash Collateral Order shall mean the Budget attached as Exhibit "A" to the new cash collateral order and approved by Regions. The Debtor will only expend funds as set forth in the Budget.

    ii. The Debtor will make adequate protection to Regions in the amount of $25,000.00 on or before June 10, 2018 and July 10, 2018.

    iii. Prior to obtaining any additional debtor in possession financing, the Debtor will file a motion to incur such debt and Regions shall be given reasonable opportunity to object to such financing.

    iv. The Debtor shall forward to Regions' counsel, within forty-eight (48) hours of receipt, any correspondence or substantive communications received from the Food and Drug Administration.

    v. The proceeds from the sale of the clean room at the airport facility shall be delivered to Regions for application to the Regions loans subject to court approval as well as to the rights, if any of a prior lienholder.

    vi. James L. McCarley, Jr. and Lynn McCarley, as principals of the Debtor, as well as the owners of Pharmax Services, Inc., Cantrell Compounding, Inc. and Pharmasite LLC will acknowledge that they are the guarantors of the Loans (as defined in the Cash Collateral Order). The foregoing shall agree to the second extension and further agree that nothing in the second extension shall be deemed to release, discharge or otherwise affect the guaranty agreements executed by James L. McCarley, Jr., Lynn McCarley, Pharmax Services, Inc., Cantrell Compounding, Inc., and Pharmasite LLC and/or any collateral for such guaranty.

    d.    Debtor's right to use cash collateral shall cease immediately upon any default under the Cash Collateral Order as modified by the Extension or the second extension.

8. Unless the Court prohibits the use of cash collateral by the Debtor or conditions its use upon providing Regions adequate protection, Regions will suffer irreparable damage due to the loss of its collateral as it is turned into cash collateral and dissipated.

9. Pursuant to 11 U.S.C. § 363(c)(4), Regions requests that all cash collateral be sequestered, that the Debtor be required to segregate and account for all cash collateral which is now, and which may hereafter be, in Debtor's possession, custody and control, and that this Court prohibit the use thereof.

10. If the Court authorizes the use of cash collateral, Regions request that said use be conditioned upon the Debtor providing Regions adequate protection for Regions' interest therein and that said use not be inconsistent with any relief granted under §§ 363(c), 363(e) and 363(f) of the United States Bankruptcy Code.

11. In Response to the Motion to Extend Use of Cash Collateral, Regions would state:

a. It admits the allegations in paragraphs 1, 2, 3, 5, 6, 12, 14, 15, and 16 of the Motion.

b. It is without sufficient information sufficient to admit or deny the allegations in paragraphs 4, 7, 8, 9, 10, 11, 13, 15, 17, 18, 19, 20, 21, and 22, except that Regions denies that the cash collateral budget would not prevent irreparable harm to Regions.

WHEREFORE, PREMISES CONSIDERED, Regions prays that the Motion to Extend Use of Cash Collateral be denied, that the Court order require segregation of and accounting for cash collateral, requiring the tracing of cash collateral from proceeds, and, in the alternative, granting adequate protection as set forth in this Response. Regions further prays that have such other and further relief to which it is entitled.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201 3493
Telephone: (501) 376 2011
light@fridayfirm.com

By: _____
    Harry A. Light
    State Bar No. 89222

ATTORNEYS FOR REGIONS BANK

**CERTIFICATE OF SERVICE**

    I, Harry A. Light do hereby certify that a true and correct copy of the above and foregoing has been provided to the following attorneys of record by electronic mail through the Electronic Case Filing System on this  5th  day of June, 2018 as well as any other parties receiving ECF notices in this case:

Kevin P. Keech, Esq.  
2011 South Broadway  
Little Rock, Arkansas 72206

United States Trustee  
200 West Capitol, Suite 1200  
Little Rock, Arkansas 72201-3618

Geoff Treece, Esq.  
111 Center Street, Suite 1900  
Little Rock, Arkansas 72201

By: _____
    Harry A. Light