IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:   CANTRELL DRUG COMPANY, INC.,            CASE NO. 4:17-bk-16012-J
        Debtor-in-Possession                                      Chapter 11

**UNITED STATES TRUSTEE'S
MOTION TO DISMISS OR CONVERT TO CHAPTER 7**

Comes the United States Trustee by the undersigned counsel, and for his Motion to Dismiss or Convert to Chapter 7, respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2. The captioned case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on November 7, 2017.

3. The Debtor is not a small business as that term is defined in 11 U.S.C. § 101(51D).

4. The first meeting of creditors was held and concluded on December 4, 2017 in Little Rock, Arkansas.

5. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate. The examples listed under § 1112(b) are not exhaustive, and the Court has broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a Chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (8th Cir. BAP 2001).

6. Pursuant to 11 U.S.C. § 1112(b)(4)(C), cause for dismissal exists due to failure to maintain appropriate insurance that poses a risk to the estate or to the public.

7. On November 29, 2017, the Office of United States Trustee ("OUST") conducted an interview with the principal of the Debtor and its counsel. At the interview, the Debtor was directed to provide proof of insurance coverage for all property and general liability in the form of a certificate of insurance from the Debtor's carrier. The OUST received a certificate of insurance on or about January 2, 2018 reflecting automobile liability coverage with an expiration date of August 23, 2018. As of the filing of this motion, the Debtor has failed to provide a certificate of insurance evidencing the renewal of coverage to the OUST. The United States Trustee is unable to ascertain as to whether the Debtor's property is protected and may be at risk.

8. Pursuant to 11 U.S.C. § 1112(b)(4)(F), cause for dismissal exists due to unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

9. Chapter 11 debtors are required to provide monthly operating reports during the pendency of the case. *See* 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8); Fed. R. Bankr. P. 2015(a)(3). The reports are due on the 21st day of the month following the end of the period.

10. As of the filing of this motion, the Debtor has failed to file the operating reports for July and August 2018, and has failed to provide bank reconciliations for all accounts and to report the reconciled balances on the operating reports. Debtor has failed to provide copies of its check register to report check date, number, payee, amount and purpose of payments.

11. Operating reports are a source of vital, financial information which creditors and other parties in interest may access in order to make an informed decision on the merits of the

Debtor's disclosure statement and plan. Without the reports, the Office of United States Trustee ("OUST") has no means of determining the feasibility of Debtor's continued operations.

12. Debtor's failure to file complete monthly operating reports, including monthly bank statements, reconciliations, and copies of the check registers, in accordance with the United States Trustee's guidelines and as required by Local Rule 1020.1, makes it impossible to determine whether or not the Debtor is appropriately accounting for income and expenses during the bankruptcy case. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession in a Chapter 11 case assumes the rights and duties of a trustee and, accordingly, is treated as a fiduciary for the estate.

13. Pursuant to 11 U.S.C. § 1112(b)(4)(H), cause for dismissal exists due to failure to timely provide information or attend meetings reasonably requested by the United States Trustee.

14. At the interview conducted on November 29, 2017, Debtor was also instructed to submit to the OUST copies of any income tax returns filed during the pendency of the case. As of the filing of this motion, Debtor has failed to submit a copy of the 2017 income tax return.

15. Pursuant to 11 U.S.C. § 1112(b)(4)(K), cause for dismissal exists due to failure to pay any fees or charges required under chapter 123 of title 28.

16. As of the filing of this motion, Debtor owes quarterly fees and interest to the United States Trustee in the amount of $49,037.27.

17. Based on the foregoing, there appears to be very little likelihood that the Debtor can successfully propose and confirm a plan of reorganization.

18. Cause exists pursuant to 11 U.S.C. § 1112 to dismiss or convert this case.

19. Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay to the United States Trustee a minimum of $325.00 for each quarterly period, including any fraction thereof,

until a Plan is confirmed, or the case is converted or dismissed, whichever occurs first.

20. If the case is dismissed or converted, the United States Trustee is entitled to judgment against the Debtor for the full amount of the quarterly fee, together with interest.

21. The United States Trustee requests that the following decretal paragraph be incorporated in the Order of Dismissal or Conversion:

> ORDERED that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order, and simultaneously provide to the United States Trustee an appropriate Affidavit indicating the cash disbursements for the relevant period. If the fee is not paid as hereinbefore set out, the United States Trustee will have judgment against the Debtor for the full amount of the quarterly fees, together with interest, effective ten (10) days from the entry of this Order.

22. Pursuant to 11 U.S.C. § 1112(b)(3), the court shall commence the hearing on a motion under 11 U.S.C. § 1112 not later than 30 days after the filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing. The United States Trustee hereby waives the 30-day hearing requirement.

WHEREFORE, the United States Trustee respectfully requests the entry of an order converting the Chapter 11 case to a case under Chapter 7; or in the alternative, an order dismissing the Chapter 11 case conditioned upon the payment of the United States Trustee quarterly fees, or judgment against the Debtor for the full amount of the quarterly fees, together with interest; and all other proper relief to which he may be entitled.

Respectfully submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

By: _____
JOSEPH A. DiPIETRO, Bar No. 98004
Trial Attorney
200 West Capitol Avenue, Suite 1200
Little Rock, AR 72201-3618
Telephone: (501) 324-7357
Email: Joseph.A.DiPietro@usdoj.gov

CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the foregoing pleading to the following by first class mail with sufficient postage thereon on this 12th day of October, 2018:

CANTRELL DRUG COMPANY, INC.
7700 NORTHSHORE PLACE
NORTH LITTLE ROCK, AR 72118

_____
Joseph A. DiPietro